UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-63-GWU

LORA A. KILBURN,                                                      PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

**INTRODUCTION**

Lora Kilburn brought this action to obtain judicial review of an unfavorable

administrative decision on her applications for Disability Insurance Benefits and for

Supplemental Security Income.  The case is before the Court on cross-motions for

summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity?
      If yes, the claimant is not disabled.  If no, proceed to Step 2.
      See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical
      or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
      claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any
      impairment(s) significantly limiting the claimant's physical or
      mental ability to do basic work activities?  If yes, proceed to

1

Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

07-63  Kilburn

to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. <u>Id</u>. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g., Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

07-63  Kilburn

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In

such cases, the agency may be required to consult a vocational specialist.  <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley  v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Kilburn did not suffer from a "severe" impairment.  (Tr. 17).  Therefore, the plaintiff could not be considered totally disabled.  (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The ALJ properly concluded that Kilburn did not suffer from a "severe" impairment.  No treating or examining source, including Dr. Rafiqul Alam (Tr. 98-100), the staff at Appalachian Regional Healthcare (Tr. 101-103), the staff at the Redbud Family Clinic (Redbud) (Tr. 106-131, 141-145), and Dr. Bobby Kidd (Tr. 132-139) reported the existence of functional limitations related to a medical condition to support the existence of a "severe" impairment.  Dr. John Rawlings, a non-examining medical reviewer, found that the medical evidence was insufficient

07-63  Kilburn

to establish a "severe" impairment.  (Tr. 105).  Dr. David Swan, another reviewer, thought that the medical evidence did not establish the existence of any work restrictions.  (Tr. 140).  The burden was upon the plaintiff, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment."   Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).  In this action, this burden was not met.

Kilburn asserts that the ALJ erred in failing to accord greater weight to the opinion of Dr. Jean Sullivan, her treating physician at Redbud.  While the plaintiff was treated at Redbud for a number of ailments including headaches, dizziness, breathing problems, palpitations, abdominal pain, hypertension and obesity, no source at Redbud imposed any work-related restrictions which would support the existence of a "severe" impairment.[1]  (Tr. 106-131, 142-145).  The mere diagnosis of a condition does not prove its severity and its disabling effects must still be shown.  Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988).  Therefore, the Court must reject the claimant's argument.

Kilburn argues that the ALJ did not properly evaluate her subjective pain complaints.  Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there

---

[1]None of the Redbud notes from the relevant time period after the plaintiff's alleged onset date of March 1, 2002 (Tr. 44) appear to be signed by Dr. Sullivan.  They bear the signature of a family nurse practitioner.  (E.g., Tr. 142).

8

must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, the Court has already determined that Kilburn was properly found not to be suffering from a painful condition.  However, even if she could be found to have satisfied the first prong of the so-called Duncan test, the plaintiff does not meet either of the alternative second prongs.  Dr. Alam noted that a chest x-ray was negative.  (Tr. 98).  Pulmonary function testing by Dr. Kidd did reveal "moderate" restrictive pulmonary disease.  (Tr. 137).  However, physical examination revealed the lungs to be clear to auscultation and percussion with no wheezes, rales or rhonchi detected. (Tr. 134).  Liver function testing at Appalachian was within normal limits.  (Tr. 102).  An echocardiogram was reported by the Redbud staff to have been normal.  (Tr. 109).  The Redbud staff noted that the claimant was not compliant with her diet.  (Tr. 143).  She was noted to have been too busy to obtain a pap smear.  (Tr. 113).  Therefore, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain.  Therefore, the ALJ would appear to have properly evaluated Kilburn's pain complaints.

07-63  Kilburn

Kilburn also argues that the ALJ erred in failing to properly evaluate her problem with obesity.  However, the ALJ specifically indicated that he considered the effects of this condition as required by Social Security Ruling 02-1p and noted reasons why this condition did not appear to impose disabling restrictions.  (Tr. 19). Therefore, the Court finds no error.

Finally, Kilburn asserts that the ALJ erred in failing to obtain vocational expert testimony.  However, since the plaintiff was properly found to not suffer from a "severe" impairment, such testimony was not required.  Therefore, the Court must reject the claimant's argument.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 30th day of November, 2007.



**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**

10